# EXHIBIT "A"

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CATOOSA COUNTY, GEORGIA
SUCV2024000090
JAN 30, 2024 04:20 PM
Tracy Brown, Clerk
Catoosa County, Georgia

IN THE SUPERIOR COURT OF CATOOSA COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: ____________ |
| v. | ) | **JURY TRIAL DEMANDED** |
| STONEY'S APPLIANCE REPAIR, LLC, | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff American National Property and Casualty Company ("ANPAC"), and files this, Complaint for Damages against Stoney's Appliance Repair, LLC ("Defendant Stoney's"), showing the Court the following:

PARTIES, JURISDICTION & VENUE

1.

ANPAC is a foreign risk management/insurance company with its principal place of business located at 1949 E. Sunshine Street, Springfield, MO 65899. ANPAC is authorized to transact business in the state of Georgia.

2.

Matthew Blackwell's (hereinafter "Blackwell") property located at 253 Blue Jay Parkway, Ringgold, GA 30736 was insured by ANPAC as of July 22, 2022. The acts and/or omissions and events set out herein occurred in Catoosa County. Jurisdiction and venue are proper in the Superior Court of Catoosa County, pursuant to O.C.G.A. §§ 15-6-8, 14-2-510(b)(4).

3.

Defendant Stoney's is a Tennessee limited liability company and may be served with a copy of the complaint and summons through its registered agent, Stonewall Jackson Standridge, 253 Bartlett Circle NE, Cleveland, Bradley County, TN 37312. Jurisdiction and venue are proper as to Defendant Stoney's.

4.

If discovery shows that additional entities or individuals are responsible for the acts and/or omissions alleged herein, said entities and/or individuals will be substituted, misnomers corrected or added as party defendants to this lawsuit as provided by the Georgia Civil Practice Act and with permission of this Court.

## FACTUAL ALLEGATIONS

5.

ANPAC realleges and incorporates by reference its previous allegations asserted in Paragraphs One (1) through Four (4), as if restated verbatim herein.

6.

On February 22nd of 2022, Defendant Stoney's was called to Blackwell's residence to repair a malfunctioning refrigerator. During this visit, Defendant Stoney's diagnosed the refrigerator as having a failing compressor.

7.

Attempting to repair the refrigerator, Defendant Stoney's installed an aftermarket "hard start" switch for the compressor.

8.

A "hard start" switch is a device that provides additional starting torque to an electric motor.

9.

The manufacturer of the refrigerator, General Electric, does not recommend the installation of "hard start" devices on their refrigerators.

10.

"Hard start" devices are not commonly used in refrigerator repair due to the shorting issues the devices create.

11.

A "hard start" switch is a temporary solution and does not address the underlying cause of the refrigerator's malfunction.

12.

The installation of the "hard start" switch allowed for the continued degradation of the compressor.

13.

As a result of this continued degradation, the refrigerator's compressor shorted and became a competent ignition source for the nearby combustibles in the refrigerator's compressor compartment.

14.

On July 22, 2022, a fire, originating in the refrigerator's compressor compartment, ignited, and caused significant damage to Blackwell's Residence.

15.

As a result of the fire, Blackwell's residence required complete renovation and was not occupiable for an extended period.

16.

Blackwell was forced to seek alternative accommodation and replace numerous personal belongings.

17.

At the time of the fire, Blackwell's residence was insured for fire damage by ANPAC.

18.

As a result of the damage caused by the fire, ANPAC has accrued expenses exceeding $675,022.67.

## NEGLIGENCE AND BREACH OF REPAIR AGREEMENT

19.

ANPAC realleges and incorporates by reference its previous allegations asserted in Paragraphs One (1) through Eighteen (18), as if restated verbatim herein.

20.

The fire and resulting damage to Blackwell's Residence was the direct result of the installation of the aftermarket "hard start" switch by Defendant Stoney's.

21.

With knowledge that the refrigerator's compressor was in a state of failure, Defendant Stoney's failed to use the proper and prudent procedures and/or install protective measures to prevent a predictable dangerous outcome.

22.

Despite their knowledge of the state of the compressor, and without testing the function of the compressor, Defendant Stoney's installed an aftermarket "hard start" switch that allowed the continued degradation of the refrigerator's compressor.

23.

Defendant Stoney's knew, or should have known, that the installation of the "hard start" switch would allow the compressor to continue to degrade and eventually lead to an environment in which the compressor, or its components, could ignite and start a fire.

24.

Defendant's Stoney's knew, or should have known, that the correct course of action was to replace the compressor and starter entirely.

23.

Defendant Stoney's acted with a lack of care and diligence by installing the aftermarket "hard start" switch.

25.

The fire and resulting damage to Blackwell's Residence were due to the negligence and recklessness of Defendant Stoney's.

26.

Defendant Stoney's had a duty to prevent accidents through the use of normal, standard and prudent care.

27.

After the installation of the "hard start" switch, Defendant Stoney's left Blackwell's Residence, without instruction to the residents, despite knowledge of the risk and the improper practices and in dereliction of its duty for oversight and to prevent accidents.

28.

The actions of Defendant Stoney's in not properly repairing or replacing the refrigerator's compressor constituted negligence.

29.

The actions of Defendant Stoney's in failing to provide Blackwell with the knowledge that the installation of the "hard start" switch would result in the continued degradation of the compressor and could eventually cause a fire constituted negligence.

30.

Each of the above stated actions and/or omissions of negligence by Defendant Stoney's constitute a breach of the repair agreement to repair the refrigerator.

31.

Defendant Stoney's breach of the repair agreement and standard of care proximately caused Plaintiff's damages.

32.

As a direct and proximate cause of Defendant Stoney's breach, the incurred loss total exceeds $675,022.67.

ATTORNEY FEES

33.

ANPAC realleges and incorporates by reference its previous allegations asserted in Paragraphs One (1) through Thirty-Two (32), as if restated verbatim herein.

34.

Defendant Stoney's has acted in bad faith, has been stubbornly litigious, and has caused ANPAC unnecessary trouble and expense.

35.

ANPAC is entitled to all its costs and expenses of litigation including attorney fees and other costs in having to bring this action pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, ANPAC respectfully prays for relief as follows:

(a) That the Court award ANPAC compensatory damages in excess of $675,022.67;

(b) That the Court award ANPAC its attorney's fees, litigation expenses, and costs of this action; and,

(c) That the Court award ANPAC any other relief as this Court deems just and proper.

This 30th day of January, 2024.

Respectfully submitted,

BUCKLEY CHRISTOPHER & HENSEL, P.C.

/s/ Timothy J. Buckley III
TIMOTHY J. BUCKLEY III
Georgia State Bar No. 092913
WILL DRIGGERS
Georgia State Bar No. 470999
Attorneys for Plaintiff ANPAC

2970 Clairmont Road, N.E.
Suite 650
Atlanta, Georgia 30329

(404) 633-9230
tbuckley@bchlawpc.com
wdriggers@bchlawpc.com

# SUPERIOR COURT OF CATOOSA COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER SUCV2024000090

American National Property and Casualty Company

**PLAINTIFF**

**VS.**

Stoney's Appliance Repair, LLC

**DEFENDANT**

**SUMMONS**

TO: STONEY'S APPLIANCE REPAIR, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Timothy J Buckley, III**
**Buckley Christopher & Hensel, P.C.**
**2970 Clairmont Road, NE**
**Suite 650**
**Atlanta, Georgia 30329**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 30th day of January, 2024.**

Clerk of Superior Court

Tracy Brown, Clerk
Catoosa County, Georgia